UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

vs

D-1: DEJUAN WALKER,

    Defendant.

Case No. 24-20339
Hon. Susan DeClercq

___

## DEFENDANT'S SENTENCING MEMORANDUM

### Introduction

Mr. Dejuan Walker is scheduled for sentencing on February 18, 2025. He has pled guilty to Count 1 of the Superseding Indictment, without a plea agreement, charging Felon in Possession of a Firearm in violation of 18 U.S.C. § 922(g)(1). He faces a maximum penalty of 15 years imprisonment, a $250,000 fine, three years of supervised release and mandatory special assessment of $100.00.

Counsel presents this Sentencing Memorandum in support of a request for a sentence which is "sufficient but not greater than necessary" to accomplish the purposes of sentencing in accordance with 18 U.S.C. § 3553(a), *et. seq*, is a sentence that does not exceed 8 years.

### Legal Principles

In *United States v. Booker* and *United States v. Fanfan*, 543 U.S. 220, 125 S. Ct. 738, 160 L.Ed.2d 621 (2005), the United States Supreme Court held that the mandatory imposition of federal sentence guidelines is unconstitutional.

As a result of that decision, this Court now has the power to more broadly exercise its discretion and fashion an individualized sentence. *See United States v. Chandler,* 419 F.3d 484 at 486-487 (6th Cir. 2005).

The first requirement of a legitimate criminal sentence is a process-driven one. The court must properly calculate the guidelines range, treat that range as advisory, consider the sentencing factors in 18 U.S.C. § 3553(a), refrain from considering impermissible factors, select the sentence based on the facts that are not clearly erroneous, and adequately explain why it chose the sentence. *See Gall v. United States,* 552 U.S. 38, 128 S.Ct. 586, 169 L.Ed.2d 445 (2007). *See United States v. Rayyan,* 885 F.3d 436, 442 (6th Cir. 2018).

"A sentence is substantively unreasonable is a sentence which is too long . . . " *See United States v. Rayyan,* 885 F.3d 436, 442 (6th Cir. 2018). A sentence is too long, when it is "greater than necessary" to achieve the sentencing goals set forth in 18 U.S.C. § 3553(a)(2). *See United States v. Lee,* 974 F.3d 670 (2020) at 676.

**Advisory Guidelines**

In the initial Presentence Investigation Report prepared by the Probation Department filed on January 7, 2025, the Probation Department concluded that based on a total offense level of 25 and a criminal history category of V, the guideline imprisonment range was 100 months to 125 months. *See,* ECF 66, PageID.318 at ¶ 59. That calculation was based on a base level of 24 because Mr. Walker had been convicted of at least two felony convictions for crimes of violence, i.e., Felonious Assault and Felony Firearm in 2017 and Carjacking in 2023. USSG §2K2.1(a)(2).

In accordance with USSG § 2K2.1(b)(6)(B), Mr. Walker was also assessed four levels because he possessed a firearm in connection with other felony offense, Assaulting and Resisting a Police Officer, when he fought and bit two police officers while they were attempting to place him in handcuffs. *See*, ECF No. 66, PageID.310 at ¶¶ 17 and 18.

This reached a total offense level of 28. Because Mr. Walker had demonstrated Acceptance of Responsibility and advised the authorities of his own misconduct in notifying them of his intention to plead guilty, that level was reduced by three points, which created a total offense level of 25.

Subsequent to the submission of that report, the Probation Department on January 27, 2025 amended their Presentence Report and assessed Mr. Walker six levels in accordance with USSG § 3A1.2(c)(1) because he created a substantial risk of serious bodily injury knowing or having reasonable cause to believe that a person was a law enforcement officer, assaulted such officer during the course of the offense or immediate flight therefrom. This assessment changed the guideline calculation to a base of 34, with Acceptance of Responsibility, it was reduced to a base of 31. *See,* ECF 71, PageID.379 at ¶ 19. This resulted in the current advisory guideline range computed by the Probation Department of 168 months to 210 months, which created a guideline range of 168 months to 180 months as a result of the statutory authorized maximum sentence of 15 years. *See*, ECF 71, PageID.387 at ¶ 59.

Mr. Walker objects to the assessment of §3A.2(c)(1).

In *United States v. Farrow*, 198 F.3d 179 (6th Cir. 1999), the court stated that:

"Impermissible 'double counting' occurs when precisely the same aspect of defendant's conduct factors into his sentence in two separate ways. *See, Perkins,* 89 F.3d at 310. By observing this rule, we seek to advance one of the overarching purposes of the Sentencing Guidelines as set forth in an introductory Policy Statement: namely, to achieve "proportionality in sentencing through a system that imposes appropriately different sentences for criminal conduct of differing severity." *See,* USSG Ch. 1, Pt. A, at 2; *see also Perkins,* 89 F.3d at 308, 210 (citing this policy statement in its double counting analysis). If a single aspect of the defendant's conduct both determines his offense level and triggers an enhancement, this defendant's final offense level will be the same as that of a defendant who engages in two forms of conduct deemed punishable under the Sentencing Guidelines. Such an assignment of equal offense levels for conduct of differing severities undermines the Guidelines' goal of proportionality in sentencing." *See* pp. 193-194. *See also, United States v. Hensley,* 110 F.4th 900 (6th Cir. 2024) where the court stated:

"Doubling counting is the concept that addresses a situation with the same conduct by a defendant is used as the basis for applying multiple enhancements to his Guidelines calculation." *See* p. 903.

It is Mr. Walker's contention that applying both USSG § 2K2.1(b)(6)(B) and USSG § 3A1.2(c)(1) is double counting. The felony offense applied in USSG § 2K2.1(b)(6)(B) is Assaulting and Resisting a Police Officer.

Assaulting, Resisting, or Obstructing a Police Officer while performing his duties is a statutory offense in Michigan which is prohibited by MCLA § 750.81d. The elements of that offense are contained in the Michigan Jury Instructions, 13.1. They are:

(1) The defendant is charged with the crime of assaulting, battering, wounding, resisting, obstructing, opposing, or endangering a police officer who was performing his duties. To prove this charge, the prosecutor must prove each of the following elements beyond a reasonable doubt:

(2) First, that the defendant assaulted, battered, wounded, resisted, obstructed, opposed, or endangered a police officer. "Obstruct" includes the use or threatened use of physical interference or force or a knowing failure to comply with a lawful command. The defendant must have actually resisted by what he said or did, but physical violence is not necessary.

(3) Second, that the defendant knew or had reason to know that the police officer was performing his duties at the time.

(4) Third, that the police officer gave the defendant a lawful command, was making a lawful arrest, or was otherwise performing a lawful act. That is applicable to this case.

[Use the following paragraphs as warranted by the charge and proofs.]

(5) Fourth, that the defendant's act in assaulting, battering, wounding, resisting, obstructing, opposing, or endangering a police officer causing a the death.

(6) Fourth, that the defendant's act in assaulting, battering, wounding, resisting, obstructing, opposing, or endangering a police officer to suffer serious impairment of a body function.

(7) Fourth, that the defendant's act in assaulting, battering, wounding, resisting, obstructing, opposing, or endangering a police officer caused a bodily injury requiring medical attention or medical care.

It is Mr. Walker's contention that USSG § 2K2.1(b)(6)(B) is the felony offense of Assaulting and Resisting a Police Officer. USSG § 3A1.2(c)(1) are the acts which are required to be established to commit that offense.

Should the Court grant Defendant's objection, the guidelines would revert back to the Presentence Investigation Report filed on January 7, 2025 which created an advisory guideline range of 100 months to 125 months. *See*, ECF PageID.318 at ¶ 59.[1]

**Application of the 18 U.S.C. § 3553(a) Factors**

As stated, 18 U.S.C. § 3553(a), requires that a court impose a sentence sufficient, but not greater than necessary to comply with the purposes set forth in (2) of that subsection. In determining a particular sentence to be imposed and tailored to Mr. Walker's behavior, the Court must consider the following factors. These factors will be analyzed seriatim so a sentence is not a sentence which is too long based upon his behavior.

**The nature and circumstances of the offense and the history and characteristics of the defendant**

Mr. Walker's crime is serious. He has admitted responsibility and plead guilty without a Rule 11 Plea Agreement to being a Felon in Possession of a Firearm. That means he is well aware that he has a felony record and is not entitled to have a firearm. The behavior he engaged in occurred after the police approached him and saw what they believed to be a gun. He did not comply with their orders. Once confronted, a struggle ensued and he was subsequently arrested. He knows that behavior was wrong. He was on parole at the time of this event. He now faces prison terms. Both in the state court where he has served 4 years and has a "tail" of 16 years. He also

---

[1] Obviously, defense counsel could not file an objection to the amended calculation within the initial time frame for objections because the recalculation was in the amended report filed on January 27, 2025.

faces a sentence before your Honor of up to 15 years. That sentence can be concurrent or it can be consecutive to his state sentence.

The real question is how and why a young male who is 25 years old can en masse the record he has. That can be answered by this background. That background is truly described by his younger cousin, his godfather and an attorney who has submitted a correspondence attached as Exhibit A. This tells the truth about his upbringing and his family. Antonio Burries is that attorney. He describes how Mr. Walker's childhood was marked by significant challenges. He had unstable environment and a mother who struggled with substance abuse and a father who was not around. He was the oldest of six children forced to assume the role of provider and protector for the five younger sisters he lived with. Not having proper guidance, he turned to the streets. They became his family. They taught him, at that time, what he thought it was to be a man. Mr. Walker now realizes that whatever sentence this Court will impose will subject him to almost a decade in prison. A lengthy sentence he has never contemplated.

They say it takes a village to raise a child. As applicable to Mr. Walker, that village did fail him. That village was the legal system.

As the Court is aware, Mr. Walker has a lengthy criminal record. That record began at the age of 14 and has continued until his arrest for this offense. But when reviewing that record, the village, i.e., the legal system had an opportunity to impress upon Mr. Walker the seriousness of his actions, that system failed. He was dealt with leniently. This is demonstrated by his conviction for Carjacking in Docket No: 20-00503-01-FH. According to the state presentence report filed by the government, his

sentence guideline range was 135 to 225 months. That computes in years to a range of 11 ¼ years to 18 ¾ years. Attached to that offense is what is known as a "Habitual Offender Fourth Notice" which alleviated any possible credit he could have received in the state system. Instead he was sentenced to 4 to 20 years. What the village taught Mr. Walker was that his behavior would not be seriously punished. It did not impress upon him the consequences of his behavior, nor the penalty he should really pay for his behavior. That now has changed. He understands that. He no longer wants to be within the system.

### To reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense

As stated, Mr. Walker has never suffered the consequences of a lengthy sentence. He now faces those consequences. This Court has the authority to impose a sentence of up to 15 years. Attached to that sentence is a period of supervised release of three years. In short, the sentence requested by Mr. Walker would require him to be answerable to this Court for at least 11 years. Moreover, the uncertainty is what will occur with his state sentence. Whatever sentence is imposed, can be imposed to run concurrently, partially concurrently, or consecutively by Your Honor. Should this Court impose a concurrent sentence, Mr. Walker will be at least 36 years old before he will obtain freedom. Mr. Walker understands that. It is his contention that is sufficient to reflect the seriousness of the offense, promote respect for the law, and provide just punishment.

**To afford adequate deterrence to criminal conduct**

The sentence requested also fulfills that objective. Deterrence is generally viewed as what impact the imposition of a sentence would have on others. It also deals with certainty of punishment. A sentence of eight years, coupled with a period of supervised release of three years, tells the world that simply possessing a gun as a felon removes you from society for at least 11 years.

**To protect the public from further crimes of defendant**

Obviously when Mr. Walker is taken out of the community, the public is protected. The sentence requested is substantial. Mr. Walker realizes that he is now at the end of his road at the age of 25. He knows that whatever sentence this Court imposes, should he once again violate, most likely will result in him serving out the remainder of his life in prison. This sentence achieves that objective. Moreover, his change of attitude is supported by Mr. Burries his cousin and Godfather who advises the Court that Mr. Walker has shown him a willingness to learn, a desire to change and a commitment to breaking the cycle that has held him back for so long.

**To provide the defendant with needed education or vocational training, medical care or other correctional treatment in the most effective manner**

Mr. Walker requires a high school education. He understands that and he wants that. He needs vocational training. He understands that and wants that. He needs to be able to support himself in a lawful manner once released. He needs that and wants that. He also requires substance abuse treatment. He knows without that, it is difficult to change his behavior. He wants that behavior to be changed so as not to remain in prison, nor be a recidivist.

**The kinds of sentences of available**

Mr. Walker understands his only option is prison. The question is how long.

**The need to avoid unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar conduct**

Mr. Walker's requested sentence of eight years though lower than the median length of 100 months as applicable to him, does not create any disparities. It is based upon his background.

**The need to provide restitution to any victims of the offense**

Not applicable.

## Conclusion

As the Court is aware, the guidelines are advisory. The question is, what is a sentence sufficient, but not greater than necessary to accomplish those objectives.

As a matter of policy, USSG § 5H1.1 allows this Court to consider the youthfulness at the time of the offense or prior offenses. That is because a youthful individual's development into the mid-20's contribute to his involvement in the criminal justice systems. These factors include his environment, adverse childhood experiences, substance use, and familial relationships. The Commission stated that youthful individuals generally are more impulsive, risk-seeking, and susceptible to outside influence as their brains continue to develop into young adulthood. They are also more amendable to treatment. That the crime curve demonstrates that criminal behavior tends to decrease with age.

As stated earlier, had the criminal system acted like a village and punished Mr. Walker for his behavior during his early years rather than letting him escape with

lenient sentences, it might have made an impression upon him. It did not. The current charge he has plead to has. He walked in before this Court, plead guilty without a Rule 11 Plea Agreement admittedly freely his involvement. That is one of the first steps toward rehabilitation. Recognizing one's responsibility and taking account for his own behavior.

As a result, a sentence sufficient, but necessary to comply with 18 U.S.C. § 3553(a), *et. seq.*, as mandated, is a sentence of no more than eight years, with the additional period of three years of supervised release.

Respectfully submitted,

/s/Jerome Sabbota
RIBITWER & SABBOTA, LLP
26862 Woodward Avenue, Unit 200
Royal Oak, Michigan 48067
(248) 543-8000
contact@ribitwersabbota.com
P25892

DATED: February 10, 2025

## **CERTIFICATE OF SERVICE**

     I hereby certify that on February 10, 2025, I electronically filed the foregoing document with the Clerk of the Court using the ECF System, which will send notification of such filing to the Assistant United States Attorney.

                              /s/ Jerome Sabbota
                              Jerome Sabbota
                              contact@ribitwersabbota.com

# EXHIBIT A

**Antonio Burries**
3119 E. 25th Place Unit 1
Tulsa, OK 74114
January 30, 2025

The Honorable DeClercq
Theodore Levin U.S. Courthouse
231 W. Lafayette Blvd., Room 248
Detroit, MI 48226

**Re: Sentencing of Dejuan Walker**

Dear Judge DeClercq,

I am writing this letter on behalf of my younger cousin and godson, Dejuan Walker, as he approaches his sentencing. I hope to provide insight into his character, his upbringing, and the aspirations he has shared with me during this challenging period in his life.

Dejuan's childhood was marked by significant challenges. He grew up in an unstable environment, with a mother struggling with substance abuse and a father who was often absent. As the oldest of six children, Dejuan was forced to assume the role of provider and protector for his five younger sisters far earlier than any child should. Without proper guidance or role models, he turned to the streets, which unfortunately became his source of influence and shaped his understanding of what it meant to be a man.

Recently, Dejuan and I have reconnected, and I have witnessed a profound change in him. He has openly expressed to me his deep desire to turn his life around. He has asked for my guidance—not only as an attorney but also as someone he trusts and looks up to. Dejuan has confided his dream of starting fresh, pursuing a career in real estate, and building his own company. He recognizes that in order to succeed, he must distance himself from the temptations of Detroit and embrace a new path toward a better future.

As his cousin and godfather, I feel an immense responsibility toward Dejuan. I was just 15 years old—a child myself—when his teenage mother asked me to take on the role of his godfather. At the time, I was learning how to navigate life and manhood on my own, but I thank God for entrusting me with this role. It has allowed me to be a source of support and prayer for Dejuan, even during his hardest times.

During his incarceration, I have done everything I can to encourage his growth, from helping with his commissary to providing him with literature that challenges him to

elevate his mind and spirit. I have seen the spark of ambition in him—the drive to be better, not just for himself, but for his family. He has shown a willingness to learn, a desire to change, and a commitment to breaking the cycle that has held him back for so long.

I love Dejuan deeply, and I believe in his potential to become a man of integrity who takes care of his family and lives with purpose. I know that change will not come easily, but I am committed to standing by his side and guiding him every step of the way. I respectfully ask the court to consider Dejuan's background, his expressed desire to change, and the steps he is taking to transform his life when determining his sentence.

Thank you for taking the time to read this letter and for considering the person Dejuan is working hard to become.

Sincerely,
Antonio Burries, Esq.
Loving Cousin & Godfather