```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF MICHIGAN
                         SOUTHERN DIVISION
```

**UNITED STATES OF AMERICA,**

                Plaintiff,              **HONORABLE SUSAN K. DeCLERCQ**

     v.

                                    **No. 24-20339**

**DEJUAN WALKER,**

                Defendant.

_____/

**SENTENCING HEARING**

**Tuesday, February 18, 2025**

Appearances:

On behalf of Plaintiff:      On behalf of Defendant:

Rayna Elzein               Jerome Sabbota
U.S. Attorney's Office      Ribitwer & Sabbota
211 W. Fort Street, #2300  26862 Woodward Avenue, #200
Detroit, Michigan  48226   Royal Oak, MI  48067
(313) 226-9100          (248) 543-8000
ranya.elzein@usdoj.gov     contact@ribitwersabbota.com

-  -  -

*To obtain a certified transcript, contact:*



**Sheri Ward**
Federal Official Court Reporter
Phone:  313.234.2604
Email:  sheri_ward@mied.uscourts.gov
Theodore Levin United States Courthouse
231 W. Lafayette Boulevard, #1041
Detroit, Michigan  48226

*Transcript produced using machine shorthand and CAT software.*

*Sentencing Hearing*
*Tuesday, February 18, 2025*

**I N D E X**

<u>Sentencing</u>                                                <u>Page</u>

Allocution by Mr. Sabbota  .......................7

Allocution by The Defendant  ...................11

Allocution by Ms. Elzein  ......................13

Findings of the Court ..........................15

Sentence of the Court ..........................21

Certification of Reporter ......................27

-   -   -

**E X H I B I T S**

<u>Number</u>    <u>Description</u>                    <u>Id'd</u> <u>Rcvd</u> <u>Vol</u>.

***None Marked, Offered or Received***

-   -   -

*24-20339; U.S.A. v. Dejuan Walker*

*Sentencing Hearing*
*Tuesday, February 18, 2025*

*Page 3*

1          Detroit, Michigan

2          Tuesday, February 18, 2025

3          1:40 p.m.

4                    -   -   -

5      (Call to Order of the Court.)

6          **THE CLERK:**  The Court calls case 24-20339,

7  *United States of America v. Dejuan Walker.*

8          Counsel, please place your appearances on the record

9  starting with the government.

10         **MS. ELZEIN:**  Good afternoon, Your Honor.

11  Ranya Elzein on behalf of the government.

12         **THE COURT:**  Good afternoon.

13         **MR. SABBOTA:**  Good afternoon to you and your staff.

14  Jerome Sabbota.  I'm with Mr. Walker, Your Honor.

15         **THE COURT:**  All right.  Thank you.  Good afternoon.

16  Everyone may be seated.

17         All right.  So this is the time and date that has

18  been set for the sentencing of Mr. Dejuan Walker.  Correct?

19         **MR. SABBOTA:**  That's correct, Your Honor.

20         **THE COURT:**  Okay.  Mr. Walker has pled guilty to

21  one count of Felon in Possession of a Firearm without a Rule 11

22  Plea Agreement; correct?

23         **MR. SABBOTA:**  That is correct.

24         **THE COURT:**  All right.  The Court accepted his plea

25  at the time of the plea hearing.

*Sentencing Hearing*
*Tuesday, February 18, 2025*

*Page 4*

1    Mr. Walker, do you wish to maintain your plea of

2  guilty?

3         **THE DEFENDANT:**  Yes.

4         **THE COURT:**  Okay.  At the time of your plea you were

5  represented by Mr. Sabbota, and he's here with you today.  Have

6  you had any problems with your relationship with your attorney

7  that I should be aware of?

8         **THE DEFENDANT:**  No.

9         **THE COURT:**  All right.  We can now proceed with the

10 sentencing.

11    Okay.  I have had an opportunity to review the

12 presentence report.  The first one was prepared and dated

13 January 6, and then it was revised on January 27th, both 2025.

14 Did everyone receive a copy of the presentence report and the

15 revised addendum?

16    Mr. Sabbota?

17    **MR. SABBOTA:**  Yes, we received copies of the

18 presentence report and the addendum to the report.  Mr. Walker

19 had a chance to review that.

20    **MS. ELZEIN:**  Yes, Your Honor.

21    **THE COURT:**  Okay.  All right.  And so there were some

22 objections to the first report, they were adjusted, and it says

23 there's no official objections to --

24    **MR. SABBOTA:**  There's an official objection to the

25 second one, but I couldn't have made that until I got the

*24-20339; U.S.A. v. Dejuan Walker*

*Sentencing Hearing*
*Tuesday, February 18, 2025*

*Page 5*

1    addendum to the report.

2         **THE COURT:**  Okay.  And so that objection is addressed

3    in your sentencing memorandum; correct?

4         **MR. SABBOTA:**  That's correct, Your Honor.

5         **THE COURT:**  Okay.  So you're arguing that applying

6    both 2K2.1(b)(6)(B) and 3A1.2(c)(1) is essentially double

7    counting; correct?

8         **MR. SABBOTA:**  That's correct.

9         **THE COURT:**  Okay.  I read the government's

10   memorandum.  I have read Mr. Sabbota's sentencing memorandum.

11   I've also spoken with the probation officer, and I've read some

12   case law.  I am going to assess in this instance the

13   3A1.2(c)(1) adjustment but not the 2K2.1(b)(6)(B) because it is

14   undisputed that Mr. Walker did assault two police officers

15   during his arrest.  So that is the -- that is going to be the

16   decision of the Court.

17        **MR. SABBOTA:**  I'm sorry, Your Honor?

18        **THE COURT:**  Yes.  So I'm going to apply the six-point

19   enhancement but not the four-point enhancement.

20        **MR. SABBOTA:**  Okay.

21        **THE COURT:**  Although I understand exactly why the

22   probation office made that recommendation, and I understand the

23   government's objection -- or sort of support of that

24   recommendation.  I do kind of think that it is somewhat double

25   counting so I'm going to apply the six, but not the four in

*24-20339; U.S.A. v. Dejuan Walker*

*Sentencing Hearing*
*Tuesday, February 18, 2025*

*Page 6*

1    this instance.

2         So when I make this adjustment to the presentence

3    report, that would put the defendant's offense level at a 27,

4    and then his criminal history score is still 11, which puts him

5    in a Category V, and so, therefore, the applicable guidelines

6    are 120 to 150 months at that level.

7         I do find true the facts set forth in the PSR used to

8    calculate the guideline range, but again, the guidelines are

9    advisory so I have the authority to depart upward or downward

10   and likely to vary from the guidelines for appropriate reasons.

11        Is there any objection or discussion that anyone

12   wants to make about the guidelines that will apply here?

13        **MS. ELZEIN:**  Yes, Your Honor.  The government does

14   object to the Court's decision not to score the four-point

15   enhancement.  I know Your Honor indicated that the Court has

16   reviewed case law so I would just note for the record I do have

17   three Sixth Circuit cases identified here that explicitly hold

18   that it is not double counting to impose both the enhancements

19   as imposed here, including one in which -- or two in which

20   similar circumstances were present.  That's *United States v.*

21   *Barnes*, *United States v. Nunley*, and *United States v. Hampton*.

22        I'm happy to go into the details if Your Honor would

23   like to hear from the government on that, but if not, I would

24   just note our objection for the record.

25        **THE COURT:**  Thank you, Ms. Elzein.

*24-20339; U.S.A. v. Dejuan Walker*

*Sentencing Hearing*
*Tuesday, February 18, 2025*

*Page 7*

1          **MR. SABBOTA:**  We have no objection.

2          **THE COURT:**  Okay.  Thank you.  Yes, I am familiar

3   with certainly *Hampton*, but again, in these circumstances I do

4   kind of think that it's a little bit of double counting.  So,

5   again, I'm going to go with the six because it is undisputed

6   that there was harm to the victim, and so I'm going to do that

7   instead of the four.

8          Are there any motions for the Court to consider prior

9   to hearing from counsel on the sentencing itself?

10          **MS. ELZEIN:**  Not on behalf of the government.

11          **MR. SABBOTA:**  Not on behalf of the defendant,

12  Your Honor.

13          **THE COURT:**  Okay.  Are there any victims that want

14  to --

15          **MR. SABBOTA:**  There are no victims here that I'm

16  aware of.

17          **MS. ELZEIN:**  No, Your Honor.

18          **THE COURT:**  Okay.  All right.  Well, then I will call

19  upon the defense counsel and defendant and then the government

20  to address the Court regarding --

21          **MR. SABBOTA:**  Do you want us at the podium?

22          **THE COURT:**  Yes, please.

23          **MR. SABBOTA:**  Your Honor, as you are aware, I filed a

24  sentencing memo.  There are -- and the guidelines are advisory,

25  and I'm asking the Court to impose a sentence of no more than

*24-20339; U.S.A. v. Dejuan Walker*

*Sentencing Hearing*
*Tuesday, February 18, 2025*

*Page 8*

1  eight years, which is what I believe is sufficient but

2  necessary to comply with 18 U.S.C. 3553, et cetera.

3          He does qualify under the five series of guidelines

4  because of his age for actually -- you don't really have to

5  call it a departure.  Some judges call it a departure, but the

6  guidelines are advisory so you really don't have the motion for

7  a variance.

8          But he's really -- you know, I know the government

9  gave you a pre-sentence report from the State and then some of

10  the comments that are made by Mr. Walker in the pre-sentence

11  report.  A lot of times people want to appear better -- their

12  background to be better than it really is or really was.

13          And I think the most illuminating factor is the

14  factor from his godfather or his cousin, which is a lawyer, and

15  he contacted me out of Louisiana when I was looking for people

16  to talk about Mr. Walker, and he painted an entirely different

17  picture.

18          And I think if you look at the trauma and you take in

19  consideration his age and then you look at the way the legal

20  system really dealt with him, I mean there's -- his last

21  conviction is for carjacking.  The guidelines are 135 months,

22  which is higher than the guidelines here, and he gets a

23  two-year sentence for that.  I'm sorry, he gets four to sixteen

24  for that.  And that's another issue, and I ask the Court to

25  take that into consideration because we don't know what the

*Sentencing Hearing*
*Tuesday, February 18, 2025*

*Page 9*

1  State's going to do.  There's a detainer that's been filed on

2  him.  He has a tail, they call it, in state court for up to

3  16 years.  So he's looking at -- if they violate him, and

4  they're going to violate him because they detained him.  So

5  they're waiting to see -- I don't know if they're waiting to

6  see what this Court does, but they're waiting to see what

7  sentence is going to be imposed.  They can give him the rest of

8  that, and if the Court makes it consecutive, that would be a

9  sentence of way more than sufficient.  He'd be up at 25 years

10  in that situation.

11         So I was asking the Court to take into account -- and

12  I know it's hard because we don't know what the State is going

13  to do.  If the State came in and said to you I'm going to give

14  him five years, it's easier for you to make that conclusion.  I

15  think they're going to give him something because he's on

16  parole for carjacking and felony firearm and he violates that

17  parole very quickly.  So they're going to do something.

18         And this is a situation where, if you look at all of

19  his sentences, though he's committed serious offenses -- I

20  don't minimize those offenses.  He doesn't minimize those

21  offenses.  I mean they're bad.  They are bad.  But he's never

22  really received more than a slap on the wrist in the State

23  system.  And when I say a slap on the wrist, when your

24  guidelines are 135, that's the low end of that guideline range,

25  and they give you four years, that's a slap for an offense like

*24-20339; U.S.A. v. Dejuan Walker*

*Sentencing Hearing*
*Tuesday, February 18, 2025*

*Page 10*

1    carjacking.

2           So he really didn't realize or learn, which the

3    system should do for individuals, that your behavior really is

4    going to have serious consequences.  He knows now that it is

5    because he's looking at a possible 15-year sentence depending

6    on what the Court determines would be sufficient.

7           So I'm asking for an eight-year sentence.  I ask the

8    Court to take into consideration his age.  I ask the Court to

9    give weight to the letter from his cousin or his godfather

10   because I think that portrays a true picture of where it came

11   from.

12          I just found out his mother's in the courtroom.  I've

13   never met his mother before.  I'm sorry, his grandmother, not

14   his mother.  His father obviously is not here.  He really

15   raised himself.

16          And lately a lot of these cases that I find with the

17   guns and the felon in possession of a firearm, these

18   individuals are coming in from the state system, mainly from

19   the city of Detroit, that have raised themselves, and they have

20   caught themselves in a precarious situation.  And the State

21   really hasn't responded like I think the system should.  And

22   when I talk about a village, I'm talking about you want to

23   train somebody or teach somebody when they behave improperly.

24   I don't think they did that.  They weren't able to raise --

25   they wouldn't really -- they didn't really get him to

*24-20339; U.S.A. v. Dejuan Walker*

*Sentencing Hearing*
*Tuesday, February 18, 2025*

Page 11

1  understand that what he was going to do would have serious

2  consequences.  He knows that now.

3        Eight years is not a short sentence, and if you take

4  into account three years' supervised release, we're at 11, so

5  we're not talking eight.  So I know that you don't have to

6  consider it that way, but any time a Court sentences you,

7  whether it's eight, whether it's ten, whether it's twelve, if

8  you're taking in supervised release, there's more than just

9  that.

10        I mean *Gall* recognizes that being on probation is,

11  you know, not a walk.  They even say that specifically in the

12  opinion.  It's not a walk.  I mean you can't go where you want

13  to go.  You have to deal with your probation officer.  He has

14  to have permission to do X, Y and Z.  So you're really still

15  answerable to the Court, and a violation obviously sends you

16  back to prison.

17        That's why I believe that eight years in this case,

18  especially with the unknown, is sufficient but necessary to

19  comply with the purposes of that section.  I know he wants to

20  address the court all on his own.

21        **THE COURT:**  Okay.  Thank you.  Mr. Walker.

22        **THE DEFENDANT:**  I just wanted to read you a note that

23  I wrote this morning before I get sentenced.

24        **MR. SABBOTA:**  He wants to read to you what he wrote

25  because he was concerned he would leave something out.

*24-20339; U.S.A. v. Dejuan Walker*

*Sentencing Hearing*
*Tuesday, February 18, 2025*

*Page 12*

1        **THE COURT:**  Of course.  The other thing, too, is if

2   you want to, the podium itself can go up as well if you want

3   the microphone a little bit closer.

4        Yeah.  Mr. Walker just seems very soft spoken so ...

5        **MR. SABBOTA:**  I don't want to push anything.

6        **THE COURT:**  It's okay.

7        **MR. SABBOTA:**  Get in trouble here.

8        **THE COURT:**  All right.  There you go.  Okay.

9   Whenever you want to start, Mr. Walker.

10       **MR. SABBOTA:**  First and foremost, I want to say I

11  take full responsibility for my actions.  Whatever you

12  determine to sentence me today, I accept, and I'm going to take

13  this time to fully rehabilitate myself, not only my way of

14  thinking, but as well the choices I make in life as I

15  transition to the future.

16       Also, I want to say I understand the things that I

17  done in my past I cannot change, but I can learn from and use

18  as a steppingstone to create a more positive and brighter

19  outcome for not only myself but as well as my family and others

20  in my community.

21       I want to apologize for wasting the Court resources

22  as well as your time, Your Honor, with this matter.

23       I also want to give thanks to you, my support system,

24  because this is time -- this is the time not only for me to

25  strengthen my core values but also use the knowledge that I'm

*24-20339; U.S.A. v. Dejuan Walker*

*Sentencing Hearing*
*Tuesday, February 18, 2025*

*Page 13*

1   gaining to turn into wisdom.  I was once a child that has grown

2   into a man, and as a man I take full responsibility for all my

3   actions.  So, therefore, I refuse to let my past dictate my

4   present and my future.  So no matter what -- so no matter what

5   I will do my time and won't let my time do me, with the focus

6   of becoming the best version of myself that God truly wants me

7   to be.

8            That's all I wanted to say.

9            **THE COURT:**  Thank you, Mr. Walker.

10           **MR. SABBOTA:**  You all set?

11           **THE DEFENDANT:**  I'm good.

12           **MR. SABBOTA:**  Again, Mr. Walker came in without a

13   Rule 11 and just pled guilty.

14           **THE COURT:**  Okay.  Thank you.

15           **MR. SABBOTA:**  Thank you, Your Honor.

16           **THE COURT:**  All right.  Ms. Elzein.

17           **MS. ELZEIN:**  Thank you, Your Honor.  Given the

18   Court's review of the sentencing memorandum in this case, I'll

19   just briefly highlight some of the main points.

20           The government believes that a guideline sentence is

21   appropriate here.  You know, at just 25 years old Mr. Walker

22   has a very significant and violent criminal history.  I

23   outlined it in my sentencing memorandum.  It ranges from firing

24   shots at others to committing multiple armed carjackings to

25   committing the instant offense just two months after being

*24-20339; U.S.A. v. Dejuan Walker*

*Sentencing Hearing*
*Tuesday, February 18, 2025*

Page 14

1 │ released on parole in connection with his carjacking

2 │ convictions.

3 │ He has just repeatedly demonstrated that he has no

4 │ respect for the law and, more importantly, for the safety of

5 │ others.  He has no qualms about, not just possessing firearms,

6 │ using firearms in a very dangerous way.

7 │ With respect to the instant offense, it is very

8 │ serious.  While the charge is, of course, possession of a

9 │ firearm, Your Honor has seen the surveillance video of what

10 │ happened.  We are very lucky that nobody, including the

11 │ defendant himself, was shot or otherwise seriously injured.

12 │ I would also add that I don't believe the Court

13 │ should consider what the state court does with his parole as a

14 │ factor in fashioning its own sentence.  We have no idea what

15 │ the parole board will do, and whatever they do decide their

16 │ sentence is, that is appropriate for them to hold the defendant

17 │ responsible for violating parole.  This Court is tasked only

18 │ with considering the sentence appropriate in this case, and I

19 │ don't believe it would be appropriate to consider the potential

20 │ state court sentence.  It's not a 3553(a) factor.  It's

21 │ entirely speculation at this point, and I ask that the Court

22 │ not consider that.

23 │ In sum, Your Honor, this was a very dangerous offense

24 │ that was part of a pattern of very dangerous conduct by

25 │ Mr. Walker, and I believe a guideline sentence is necessary to

*24-20339; U.S.A. v. Dejuan Walker*

*Sentencing Hearing*
*Tuesday, February 18, 2025*

*Page 15*

1  deter him from engaging in this conduct again.  As defense

2  counsel stated, four years on a carjacking conviction was not

3  enough.  But, most importantly, it is necessary to protect the

4  community from further crimes by Mr. Walker.

5          Thank you.

6          **THE COURT:**  Thank you, Ms. Elzein.

7          All right.  The Court will now turn to the imposition

8  of the sentence.

9          The Court is required by law, specifically 18 U.S.C.

10  3553, to impose a sentence that is sufficient but not greater

11  than necessary to achieve the statutory objectives.  I'll go

12  through each of these goals and discuss how I think they apply

13  in this case, but I will start out by saying that this is

14  one of the most difficult cases that I have faced so far on the

15  bench.  I struggle with the fact that, Mr. Walker, you are so

16  young, yet you have such a long criminal history already.  It

17  really is sort of like the most difficult because I want to

18  believe that, you know, when people are young they make bad

19  choices, but this has been going on for a really long time, and

20  quite frankly, based on your background, it doesn't seem like

21  you have had much guidance.

22          Looking at your history, I may be wrong, but it looks

23  like you have been in some sort of custody since probably about

24  the eighth grade, which is incredibly difficult because once

25  you are in that system and you don't have a lot of guidance and

*24-20339; U.S.A. v. Dejuan Walker*

*Sentencing Hearing*
*Tuesday, February 18, 2025*

*Page 16*

1  you don't have a lot of education, it really limits sort of the

2  possibilities of things that you believe that you can do.

3          But the crimes that you've committed have been very

4  violent, and so I -- although I do think that youth and bad

5  judgment and all of that comes into play, it also is a fact

6  that the crimes that you've done in the past and potentially

7  the -- you know, Ms. Elzein is absolutely right.  I mean we're

8  all very lucky that you were not harmed and no one else was

9  harmed with your possession of this weapon.

10          And so it's very difficult.  This is not one of those

11  situations where, you know, you've had everything handed to you

12  in life and you intentionally made a couple of bad choices and

13  therefore, you know, you should be held responsible to the

14  maximum extent because there were no, you know, mitigating

15  issues.

16          Here, I mean, I think that in many ways you've sort

17  of done the best that you could with what you have had when you

18  were younger.  I was particularly struck by a statement that

19  you had made to the probation officer when they were talking

20  about your childhood, that you don't ever recall a time that

21  you were happy as a child.  I think that changes a person.

22          But I cannot ignore the fact that your previous

23  crimes have involved a lot of violence, a lot of guns, and even

24  young people, who, you know, you perhaps then set on their path

25  to having trauma and possibly making bad decisions, too.  So

*24-20339; U.S.A. v. Dejuan Walker*

*Sentencing Hearing*
*Tuesday, February 18, 2025*

*Page 17*

1    it's a very difficult case.

2          I believe that, with respect to trying to have a

3    sentence that reflects the seriousness of the offense and to

4    promote respect for the law, this, of course, is a very serious

5    offense.  Not only were you carrying a weapon when you knew

6    that you shouldn't be carrying a weapon, but when you were

7    being arrested you fought with the police officers.  I mean, I

8    think you bit two of them.  This was very significant.

9          I appreciate that you pled without a plea agreement,

10   but, you know, in terms of when you were being arrested, that

11   was a very dangerous situation that, you know, you put yourself

12   in and you put those officers in, too.

13         Section (a)(2)(B) requires me to think about adequate

14   deterrence as to criminal conduct.  I think that everyone is in

15   agreement that a term of incarceration for this crime is needed

16   here.  Really it's just an issue of how long of an

17   incarceration period.

18         Specifically, you do need to be deterred from

19   criminal activity, which you've engaged in for most of your

20   life unfortunately.  So at the very least, you know, some

21   period of incarceration will at least make you less dangerous

22   to the public and perhaps will give you some needed time to

23   figure out what to do with your life besides this.

24         However, in terms of deterrence, I am troubled by the

25   fact that the most time that you've ever been incarcerated is

*24-20339; U.S.A. v. Dejuan Walker*

*Sentencing Hearing*
*Tuesday, February 18, 2025*

*Page 18*

1  four years, and then to jump to, you know, 10 years is very

2  significant, which is not sort of in keeping with our system of

3  graduated punishment.

4  Plus, you do -- you are facing a potential State

5  sentencing, which, as Mr. Sabbota pointed out, the Court

6  doesn't know what the State is going to do, and I really can't

7  take that into account.  I cannot because, quite, frankly, that

8  was part of your previous offense.  That has nothing to do with

9  the offense that you're being sentenced to right now.

10  Section (a)(2)(C) is to protect the public from

11  further crimes.  Of course, we have already sort of talked

12  about that.

13  Section (a)(2)(d) is something that I think,

14  hopefully maybe, will be a good thing about this case, which is

15  to think about a sentence that would provide you with needed

16  educational or vocational training or other corrective

17  treatment.  Like I said, it appears that you have been sort of

18  in the system since from a very young age, but now you are an

19  adult.  And so, although you may have been shaped by the

20  experiences that you had as a child, hopefully this will give

21  you an opportunity to better yourself while you're in prison.

22  Federal prison has some really good programs that

23  you, if you wanted to and you wanted to take advantage of that

24  and you really wanted to turn your life around and think about

25  something -- doing something else and learning something new

*24-20339; U.S.A. v. Dejuan Walker*

*Sentencing Hearing*
*Tuesday, February 18, 2025*

*Page 19*

1  that you could do when you're out -- because no matter what

2  sentence I give you today and no matter what sentence the State

3  gives you today, when you're released you're still going to be

4  relatively young.  You're still going to have more than half

5  your life ahead of you, and I hope that you would not want to

6  continue on the path that you're on.

7        And so I would really urge you to take advantage of

8  the programs and the offerings that they have at the Bureau of

9  Prisons, and I'm sure that the Probation Department can -- and

10  we can all work together if there's a certain placement that

11  you need to have in order to take advantage of certain programs

12  because we all want that for you.  We want you to be able to

13  turn your life around.

14        The need to avoid unwanted sentencing disparities

15  among defendants with similar records is also something I need

16  to think about.  So we generally look at this from a nationwide

17  perspective, and the average sentence for defendants with

18  similar guidelines -- actually, actually I think that this with

19  similar guidelines, the information that I got was before we

20  took off the extra four-level adjustment.  So had we stuck with

21  the original presentence, the average sentence for defendants

22  with similar guidelines to that would have been 139 months and

23  the median was 120.  Obviously, having taken off those

24  four levels, those average sentences would decrease as well.

25  I'm not exactly sure what these would be.

*24-20339; U.S.A. v. Dejuan Walker*

*Sentencing Hearing*
*Tuesday, February 18, 2025*

Page 20

1          **PROBATION OFFICER:**  I'm not sure, Your Honor.  If

2    anybody has the original presentence report --

3          **MR. SABBOTA:**  I have it, I think.

4          **THE COURT:**  Okay.  84 or something maybe?

5          **MR. SABBOTA:**  I have it.

6          **PROBATION OFFICER:**  Although that was based on four,

7    not six.

8          **THE COURT:**  Right.  It would be less.  It would be

9    less than 139.

10          **MR. SABBOTA:**  If you want to see the original

11    presentence, I have it.

12          **THE COURT:**  No, it's okay, because even the original

13    presentence was with the four, not the six.

14          **MR. SABBOTA:**  Correct.

15          **THE COURT:**  So it would be somewhere in between

16    whatever it was with the four -- can you tell me what the four

17    would have been?

18          **MR. SABBOTA:**  It said, "During the last five years

19    there were 350 defendants whose primary guideline was 2K2.1,

20    with a Final Offense Level of 25, Criminal History Category of

21    V, after excluding defendants who received a 5K1.1 substantial

22    assistance departure.  For 315 defendants (100 percent) who

23    received a sentence of imprisonment in whole or in part, the

24    average length of imprisonment imposed was 90 months, and the

25    median length of imprisonment imposed was 100 months.  For all

*24-20339; U.S.A. v. Dejuan Walker*

*Sentencing Hearing*
*Tuesday, February 18, 2025*

Page 21

315 defendants in the cell, the average sentence imposed was
90 months, and the medium sentence imposed was 100 months."

**THE COURT:**  Okay.  So although we don't have the
exact JSIN data, it would be somewhere between 90 and
139 months for the average sentence, and the median sentence
would be somewhere between 100 and 120 months.

**MR. SABBOTA:**  Correct.

**THE COURT:**  Okay.  Section (a)(7) talks about the
need for the sentence to provide restitution to any victims of
the offense.  That does not appear to be applicable here.

So based upon everything that I have heard from the
government, from Mr. Sabbota and from Mr. Walker himself, the
Court is sentencing you to a term of 100 months, to be served
consecutively with whatever the State gives you.  I know that I
don't know exactly what that is, but again, as I indicated
earlier, whatever it is that they are giving you, that was
based upon a violation of parole for a separate offense from
before.

So -- all right.  The 100 months is below the
guideline range even for the sentencing guideline calculation
that I adjusted for in the beginning of this hearing, and you
have heard all of the considerations that went into this
decision.

Mr. Walker, I really hope that you take this time and
you take this sentence as a signal to make some big changes in

*24-20339; U.S.A. v. Dejuan Walker*

*Sentencing Hearing*
*Tuesday, February 18, 2025*

Page 22

1  your life.  I know that it's very difficult when you don't have

2  a super strong family support network, but I am glad that your

3  grandma is here at least.  It looks like you keep looking over

4  at her so hopefully that will be something good for you.

5          Also, in terms of when you get out -- let's see -- I

6  think that it was mentioned that you may not have someplace to

7  live when you get out because --

8          **MR. SABBOTA:**  The Court hasn't imposed any period of

9  supervised release.

10         **THE COURT:**  Yeah, yeah, I know.  I'm going to in just

11  a second.  I just wanted to let you know that I have thought

12  about what is going to happen after his incarceration so let me

13  look at something real quick though.

14         Okay.  So this Court is also imposing a sentence

15  of -- as part of the sentence three years' supervised release,

16  and, again, because there may be some instability in housing --

17  yeah, Ms. Grewe, can you speak on that?

18         **PROBATION OFFICER:**  Julie Grewe on behalf of the

19  Probation Department.  In the chance that the defendant does

20  not have somewhere to live when he gets out we are recommending

21  up to six months in a halfway house.  If he does have somewhere

22  to live when he gets out, he will not have to serve that time,

23  but we're adding that in as a time just in case there's some

24  instability.

25         **THE COURT:**  It is further ordered that the defendant

*24-20339; U.S.A. v. Dejuan Walker*

*Sentencing Hearing*
*Tuesday, February 18, 2025*

Page 23

1  has to pay a special assessment of $100, which would be due

2  immediately.

3          The Court waives the imposition of a fine, the costs

4  of incarceration, and the costs of supervision due to the

5  defendant's lack of financial resources.

6          Mandatory drug testing is ordered.

7          Pursuant to 34 U.S.C. 40702 Mr. Walker shall

8  cooperate with the collection of a DNA sample as directed by

9  the probation officer.

10          While on supervision, the defendant shall abide by

11  the standard conditions as adopted by the U.S. District Court

12  for the Eastern District of Michigan and shall also comply with

13  the following special conditions, which is:

14          Number one, you must submit to substance abuse

15  testing to determine if you've used a prohibited substance.

16  You must participate in a substance abuse treatment program and

17  follow the rules and regulations of that program.  The

18  probation officer, in consultation with the treatment provider,

19  will supervise your participation in the program.

20          Also, due to the nature of the current offense, the

21  following condition is imposed:  You must submit your person,

22  property, house, residence, vehicle, papers, computer and other

23  electronic communication or data storage devices or media or

24  office to a search conducted by a U.S. Probation Officer.

25  Failure to submit to a search may be grounds for revocation of

*24-20339; U.S.A. v. Dejuan Walker*

*Sentencing Hearing*
*Tuesday, February 18, 2025*

Page 24

1   release.

2          You must warn any other occupants of that premises
3   that it may be subject to searches pursuant to this condition.
4   The probation officer may conduct a search under this condition
5   only when reasonable suspicion exists that you have violated a
6   condition of supervision and that the area to be searched
7   contains evidence of this violation.  Any search must be
8   conducted in a reasonable time and in a reasonable manner.

9          **MR. SABBOTA:**  He just had a question, Your Honor.

10         **THE COURT:**  Of course.  Go ahead.

11         **MR. SABBOTA:**  I can tell the Court the question.
12  Based on the sentencing, he's concerned -- no one knows what
13  the State is going to do, all right?  So the Court sentenced to
14  consecutive time so he was asking me does he think the State
15  might throw it out.  I don't know what the State is going to
16  do, whether they are going to throw it out or not.  I think
17  there's a good possibility they will for having served a year
18  because right now, based on the sentence, he doesn't get any
19  credit.  He's detained in the state court.  So the credit goes
20  to the State sentence because of the way the sentence is
21  structured.

22         That was the question, and I told him that based on
23  my experience I think there is a very good possibility that --
24  because it's a question who pays for the body, and that comes
25  in, you know, in all the courts.  If the feds are paying, so to

*24-20339; U.S.A. v. Dejuan Walker*

*Sentencing Hearing*
*Tuesday, February 18, 2025*

*Page 25*

1    speak, I don't think the State is going to want to pay.

2         That was the discussion.

3         **THE COURT:**  Okay.

4         **MR. SABBOTA:**  That was the discussion.

5         **THE COURT:**  Okay.  Thank you, Mr. Sabbota.

6         The Court doesn't have anything to add to that.  I

7    also have no idea what the State is going to do.  Mr. Sabbota

8    has far more experience in this area than I do in terms of

9    trying to project what the State might do.  But, again, that --

10   I had to look at this offense and the sentence that you get for

11   this offense separately from whatever the State is going to do.

12   Either way -- for me it's fine either way.

13        Does anyone have any objections to any aspect of the

14   sentence, substantive, procedural or otherwise, that has not

15   previously been raised?

16        **MS. ELZEIN:**  No additional objections, Your Honor.  I

17   would ask, though, that the Court enter an order forfeiting the

18   firearm that's listed in the indictment.

19        **THE COURT:**  All right.  Granted.  I will do that as

20   well.

21        **MR. SABBOTA:**  Obviously there is no objection.

22        **THE COURT:**  Right, okay.  And it's just the one?

23        **MS. ELZEIN:**  Yes, Your Honor.

24        **THE COURT:**  All right.  Mr. Sabbota, any other

25   objection?

*24-20339; U.S.A. v. Dejuan Walker*

1      **MR. SABBOTA:**  Other than the ones lodged, no.  Other

2 than the ones that have already been lodged and ruled on by the

3 Court.  That makes it clearer, right?

4      **THE COURT:**  Got it.  All right.  If you, Mr. Walker,

5 if you or your attorney believe that you have a right to appeal

6 the sentence, you must do so within 14 days of entry of

7 judgment.  You may request that an attorney be appointed for

8 you to do that appeal if you don't have money to pay for it.

9 Are there -- there are no counts that need to be dismissed or

10 anything like that?

11      **MR. SABBOTA:**  No, it's one count.

12      **MS. ELZEIN:**  No, Your Honor.

13      **THE COURT:**  Okay.  Anything else for the record

14 before we adjourn?

15      **MS. ELZEIN:**  Not on behalf of the government.

16      **MR. SABBOTA:**  No, Your Honor.

17      **THE COURT:**  All right.

18      **MR. SABBOTA:**  Mr. Walker, his other concern is that

19 he's asking that the Federal Government release the writ.  He

20 consented to detention.  He was brought here on a writ.  There

21 was a consent to detention.  I didn't represent him at the

22 beginning.  I don't know if the Court recalls I'm the

23 second lawyer.  He consented to detention initially.  He

24 revokes that consent.  He was brought here on a writ.  He's

25 asking that the writ be released so he can go back to the State

*Sentencing Hearing*
*Tuesday, February 18, 2025*

Page 27

1  system and resolve this over there.  He's asking that the writ

2  be released.

3          **MS. ELZEIN:**  Your Honor, that's something that

4  defense counsel and I can discuss.

5          **THE COURT:**  Okay.  Then I will leave it to you to

6  discuss that.  If the Court needs to get involved later, just

7  let us know.

8          **MR. SABBOTA:**  Okay.

9          **MS. ELZEIN:**  Thank you.

10          **THE CLERK:**  The court is adjourned.

11      (Proceedings concluded at 2:18 p.m.)

12                          -   -   -

13              **C E R T I F I C A T I O N**

14          I certify that the foregoing is a correct

15  transcription of the record of proceedings in the

16  above-entitled matter.

17

18  _Sheri Ward_                            3/26/2025
    Sheri K. Ward                          Date
19  Official Court Reporter

20                          -   -   -

21

22

23

24

25

*24-20339; U.S.A. v. Dejuan Walker*